Chet Michael Wilson
O.S.P. SID# 15009704
2605 State Street
Salem, Oregon 97310

Filed
RECVD 27 NOV '12 10:35 USDC-ORP
GW

# TABLE OF CONTENTS

## COMPLAINT

Pgs.1-11: Civil complaint w/ cover sheet

6:12 - CV - 2149   KI

## EXHIBITS

#1. Pgs.1-3: OARs.

   Pg.4: CD1497.

#2. Pg.5: Authorized AIP failure. (CD1428)

#3. Pg.6: Atty. Letter to Ginger Martin dated June 14th, 2010

   Pg.7: Response from Ginger Martin.

#4. Pg.8: Original Misconduct Report from Adam Johnson, Ryan Marvin, and Ronald B. Miles.

   Pg.9: Findings of Fact and conclusions from hearing dated 8/5/2010.

   Pg.10: Memo from Pete Sturdevant to Kimberly Hendricks and Scott Fritz.

   Pg.11: Public Records of correspondence between Denise Taylor, Adam Johnson, Heidi R. Steward, Scott Fritz, Kimberly Hendricks, Cindy D. Booth, and Jeff Hanson.

   Pg.12: Memo dated 5/27/10 from Cindy Mazakowski to Adam Johnson showing she wasn't available for appt.

   Pgs.13-14: Atty Letter dated 10/27/10 to Ginger Martin outlining defendants misconduct.

   Pg.15: Second Misconduct Report resubmitted.(Dismissed on 12/2/10)

#5. Pgs.16-17: Kites to Martin intercepted by Taylor.

   Pgs.18-21: Correspondence to and from Scott Fritz with misguiding information.

   Pg.22: Response by Denise Taylor intercepting a letter intended for Jeff Hanson.

|  |  |
|---|---|
| CHET MICHAEL WILSON, <br> Plaintiff, <br><br> V. <br><br> JOAN COPPERWHEAT, Director of Lane Co. Parole and Probation; <br><br> ADAM JOHNSON, Lane Co. Probation Officer; <br><br> RYAN MARVIN, ODOC Counselor at P.R.C.F.; <br><br> RONALD B. MILES, Designated Reviewing Supervisor at P.R.C.F; <br><br> M. CALAWAY, Designated Reviewing Supervisor at P.R.C.F <br><br> GINGER MARTIN, Asst. Director of Transitional Leave Services; <br><br> JEFF HANSON, Transitional Leave Services Specialist; <br><br> DENISE TAYLOR, Management Asst. of Transitional Leave Services <br><br> KIMBERLY HENDRICKS, Hearings Administration; <br><br> HEIDI R. STEWARD, Hearings Administration; <br><br> *et al….. | UNITED STATES DISTRICT COURT <br> DISTRICT OF OREGON <br><br> Case No. 6 '12 - CV - 2149    KI <br><br> COMPLAINT <br><br> (Civil Rights under 42 USC §1983) <br><br> Jury Trial Demanded |

Page 3 of 11-COMPLAINT

I.

A.      I Chet Michael Wilson, have never brought any previous cases to the Court of United States previously to this date as a prisoner or otherwise.

II.

A. I am currently confined at Oregon State Penitentiary; 2605 State St. Salem, Oregon 97310 on a separate matter than related to this case in which relief is sought.

B. During the process leading up to and filing Tort in this matter, all possible avenues of grievance and informal request for relief were exhausted during my incarceration in D.R.C.I. and C.C.C.I. between May 2010 and December 2010. Upon plaintiff's receipt Writ of Habeas Corpus and Tort Claim mailed to the Solicitor General December 7th 2010 I was ordered to be immediately released from prison and was released December 15th 2010.

III. PARTIES

Plaintiff:    Chet Michael Wilson
              O.S.P. SID# 15009704
              2605 State St. Salem, OR. 97310

Defendants:

1. Adam Johnson is employed as a Lane County Probation Officer at Lane County Parole and Probation; 135 E. 6th Ave. Eugene OR. 97401

2. Ryan Marvin is employed as ODOC Counselor at P.R.C.F. 3600 13th St. Baker City, OR. 97814

Page 4 of 11-COMPLAINT

3. Ronald B. Miles is employed as Food Service Manager/ Designated Reviewing Supervisor at P.R.C.F. 3600 13th St. Baker City, OR. 97814

4. M. Calaway is employed as Designated Reviewing Supervisor at P.R.C.F. 3600 13th St. Baker City, OR. 97814

5. Ginger Martin is employed as Asst. Director of T.L. Services at 2575 Center St. Salem, OR. 97310

6. Jeff Hanson is employed as Transitional Leave Services Specialist at 2575 Center St. Salem, OR. 97310

7. Denise Taylor is employed as Management Assistant of T.L. Services at 2575 Center St. Salem, OR. 97310

8. Kimberly Hendricks is employed as Hearings Administrator at 2575 Center St. Salem, OR. 97310

9. Heidi R. Steward is employed as Hearings Administrator at 2575 Center St. Salem, OR. 97310

10. Joan Copperwheat is acting Director of Lane County Parole and Probation at 135 E.6th Ave. Eugene, OR. 97401

11.… et al…


***All defendants were employed in the above positions between May 1, 2010 and December 31, 2011; the timeline relevant in reference to this suit and all parties named above as well as any unnamed are sued in their official and personal capacities.

IV. CAUSE OF ACTION

On 5/27/2010, Ryan Marvin, Ronald B. Miles, and Adam Johnson did conspire to injure, oppress, threaten and intimidate me (a U.S. Citizen) and deprive me of my free exercise and enjoyment of the rights and privileges secured to me by the constitution and the laws of the United States in violation of Title 18 U.S.C.A. subsection 241 and 242 in the following manner:

Ryan Marvin, Ronald B. Miles, and Adam Johnson all simulated legal process in violation of Title 18 U.S.C.A. subsection 1001 and in violation of Oregon Statute ORS 162.355 when they conspired to falsify documentation to issue a program failure as an excuse to revoke my Transitional Leave in order to gain jurisdiction and control over Plaintiff for the purpose of imprisonment which is an unwarranted usurpation of power.

Ryan Marvin, Ronald B. Miles, and Adam Johnson did not follow Oregon Administrative Rules(OAR's) in that I should not have been returned to ODOC until after I had been provided with a hearing, which is an obstruction of justice in violation of Title 18 U.S.C.A subsection 1501-1503 which violated my FIRST AMENDMENT Constitutional right to petition the government for a redress of grievances; it violated my FIFTH and FOURTEENTH Amendment constitutional rights to due process and equal protection of laws, immunities, and privileges as other US Citizens similarly situated under the same circumstances as myself (OAR 291-062-0150[3]) and OAR 291-058-0046[4]), which illegally subjected me to cruel and unusual punishment in prison and involuntary servitude in violation of the Eighth and Thirteenth Amendments, which further deprived me of my freedom of movement in a free society in violation of the Fourteenth Amendment to the Constitution.

In addition to the government misconduct of the above named parties, the remaining named and unnamed defendants became co-conspirators in a criminal chain like conspiracy to cover up an overall miscarriage of justice committing criminal act or functions in their individual and collective capacities at all relevant times acting under color of state law. Under Payne vs. Black (federal), 714

F.2d 1540 (1984), state prisoners have the right to expect prison officials to follow state laws as well as their own prison policies, regulations, and controlling authorities.

Finally, in reference to the included and remaining named and forthcoming defendants; Oregon State Constitution Article VII (original) section19; and Article (amended) section 6 outline incompetency and malfeasance of public officers: "Public officers shall not be impeached; but incompetency, corruption, malfeasance or delinquency in office may be tried in the same manner as criminal offences, and judgments may be given of dismissal of office and such other punishments as may have been prescribed by law."

## V. STATEMENT OF CLAIM

### CLAIM I.

In violation of **Title 18 U.S.C.A § 241 & 242; § 1001,** all defendants failed to follow the controlling authority outlining actions and simulated processes to secure Plaintiff's civil rights in the following manner:

A. On May 27, 2010 **Adam Johnson,** with **Ryan Marvin** and **Ronald B. Miles'** approval, arrested Plaintiff while successfully participating in the final phase of the AIP program (Transitional Leave portion) (see Exhibit #2, pg.5) without notification of the reasons for removal Plaintiff is entitled to per OAR 291-062-0150 and in violation of OAR 291-058-0046(9) (see Exhibit #1, pg.3 highlights process of actual document and pg.4; CD1497) stating in the relevant part: "The CD1497 was developed specifically for T.L. inmates" and "It shall be used when serving notice of rights to inmate" This crucial document was never presented to Plaintiff in order for him to make an informed decision about whether or not he wanted a hearing or not prior to imprisonment.

   B. If and when found guilty of listed violations the only outlined action would be a 5 day sanction in county jail per OAR 291-058-0046 (see exhibit #1, pgs. 1-3) No legal processes or controlling authority allow plaintiffs return to a DOC facility prior to being found guilty of a <u>Major rule</u> violation, which states in the relevant part of OAR 291-062-0150(3) "Disciplinary Removal/ Suspension: An Inmate who **After a hearing**, is found to have committed a **Major** rule violation, may be removed from the program and transferred to another Dept. of Corrections facility at the discretion of the Functioning Unit Manager or Designee" (see exhibit #2, pg.5) showing **Ronald B. Miles** the same date of Plaintiff's arrest simulating legal process by violating the above mentioned OAR authorizing the removal prior to outlined policy.

**Title 18 U.S.C.A § 1001** as stated <u>Under Payne vs. Black (federal), 714 F.2d 1540 (1984), state prisoners have the right to expect prison officials to follow state laws as well as their own prison policies, regulations, and controlling authorities</u> which all listed defendants have violated as shown above.

## CLAIM II.

In violation of Plaintiff's **Fifth and Fourteenth Amendment Constitutional Right** to due process and equal protection of laws, immunities, and privileges other US citizens depriving plaintiff of his freedom of movement in a free society as outlined below.

A. June 14th Plaintiff's Attorney wrote **Ginger Martin** a letter with attached documents clearly refuting all violations in their entirety (see exhibit #3, pg.6) and referenced in forthcoming letter from Plaintiff's atty. (see exhibit #4, pg.13 highlighted) showing her participation in maintaining fraudulent jurisdiction over him while ignoring his innocence and simulating legal process (see exhibit #3, pg.7)

B. On June 25th, 2010, **Adam Johnson,** knowing his allegations to be false all along, conspiring with **Ryan Marvin** and **Ronald B. Miles** while ignoring evidence clearly showing Plaintiff's innocence, submit a Misconduct Report against him on refuted charges to draw out the unlawful imprisonment. (see exhibit #4 pg.8) then after waiting two months in prison, Plaintiff is found not guilty of fabricated and simulated evidence known all along to be false. (See exhibit #4, pg.9) Then to further expose the collective malfeasance and delinquency of this collective criminal chain conspiracy, Pete Sturdevant on September 1st 2010 in a memo to **Kimberly Hendricks**, outlines this mishandled use of power and expresses his concerns of the continued violation of Plaintiff's rights. (See exhibit #4, pg.10)

C. Instead of helping secure Plaintiff's rights, **Kimberly Hendricks, Denise Taylor, Scott Fritz, Adam Johnson, Ryan Marvin, Ginger Martin, Heidi R. Steward,** and **Jeff Hanson** all correspond via memo (see exhibit #4 pg.11) between each other in an attempt to justify the reasoning for Plaintiff's imprisonment and resubmit previously refuted charges from original hearing findings (see exhibit #4 pg.9) in another M.R. on October 27th 2010 (see exhibit #4, pg.15) against Plaintiff while all along knowing all allegations to be false.

D. Between June 1st 2010 and November 22nd 2010, plaintiff and his atty. wrote numerous correspondence to defendants, most of which were ignored except (see exhibit #5 pgs.16, 17, and 22) where **Denise Taylor** intercepts communications intended for Ginger Martin and Jeff Hanson as well as **Scott Fritz** (see exhibit #5 pgs.18-21) attempting to misguide Plaintiff and intimidate him furthering the collective participation in this blatant and continued obstruction of justice.

CLAIM III.

Finally, in reference to the defendants listed, and of the above named and forthcoming defendants and their supervisors; **Joan Copperwheat**, supervisor of **Adam Johnson** and those forthcoming have

Page 9 of 11-COMPLAINT

shown incompetency and delinquency of office in failure to hire and/or oversee that employees under them follow the laws and competently act lawfully in all capacities within their control.

## VI. RELIEF

A. Plaintiff requests permanent injunctive relief in the form of a criminal investigation be initiated per **Oregon State Constitution Article VII § 19 (orig) and VII § 6 (amended)** which outlines incompetency and malfeasance of public officers: "Public officers shall not be impeached; but incompetency, corruption, malfeasance, or delinquency in office may be tried in the same manner as criminal offences and judgments given of dismissal of office and such other punishments as may be prescribed by law.

B. Plaintiff seeks compensatory damages of $400,000.00 for relief of individual and collective wrongdoings directly surrounding Plaintiff's illegal incarceration between May 27th, 2010 through December 15th, 2010, and relief for the permanent physical, financial and emotional damages to Plaintiff and his family by means of illegal and false imprisonment directly related to individual and collective wrongdoings. Furthermore plaintiff requests all parties found at fault to be reprimanded and/or removed from the position they have falsely used as disguise to violate the rights due to Plaintiff.

C. Plaintiff requests award of all costs incurred including attorney fees and expert witness fees where incurred.

D. Granting of such further relief as the court might deem necessary and prudent.

## VII. DECLARATION

Plaintiff, Chet Michael Wilson, upon being sworn under penalty of perjury, does swear that all of the preceeding facts set forth inclusive in the above complaint and attached exhibits are true and correct and are a product of Plaintiff's personal knowledge.

Dated this 21ST day of NOVEMBER 2012

Respectfully submitted by,

_____
Plaintiff/Pro Se

Chet Michael Wilson,
O.S.P.   SID#15009704
2605 State Street
Salem, OR. 97310