6:12-CV-2149    KI EXHIBIT #1    ph. 1 OF 22

**Attachment A**
## ADMINISTRATIVE SANCTIONS SANCTIONING GRID

| SYSTEM RESPONSE | BEHAVIOR LEVEL I | BEHAVIOR LEVEL II | BEHAVIOR LEVEL III |
|---|---|---|---|
| Fails to report truthfully or notify Probation Officer as directed. | Prohibited use of alcohol and/or drugs (1 or 2 times) or fails to submit to testing. | Crimes with Crime Seriousness Scale of 3 and less (Sentencing Guidelines Grid). | Crimes with Crime Seriousness Scale of 4 and above (Sentencing Guidelines Grid) and all Person-To-Person Crimes. |
| Willfully fails to meet payment schedule. | Misses appointments (1 or 2 times) for treatment programs. | Participates irregularly and fails to successfully complete prescribed treatment programs; takes prescribed psychotropic medications irregularly. | Possession or use of dangerous/deadly weapons. |
| NOTE: SYSTEM RESPONSE TO BE USED WHEN OTHER RESPONSES ARE NOT APPLICABLE | Refuses to accept personal responsibilities. | Fails to take antabuse. | Prohibited contact with minors/victims/survivors. |
| | Willfully fails to meet Restitution/Compensatory Fine payment schedule | Prohibited use of alcohol and/or drugs or fails to submit to testing (3 or more times). | Refusal to take prescribed psychotropic medications. |
| Level of Authority for Parole / PPS<br>Parole/Probation Officer:   0-30 units<br>Agency/Hearings Officer:   31-60 units<br>Supervisory Authority/Board: 61-90 units<br><br>Level of Authority for Probation<br>Agency   up to 60 units<br>Court:   over 60 units | | Fails to recognize the authority of the Releasing Authority or Probation Officer and consistently fails to follow the directives of the Releasing Authority and probation officer related to conditions of supervision not otherwise listed. | Refusal to participate in or comply with conditions of prescribed treatment programs. |
| | | Non-authorized association with individuals or groups in violation of Court/Board orders | *Refuses to comply with imposed sanctions.<br><br>**Absconds supervision (See notation below). |

| Supervision Level | SECTION 1 CRIME SERIOUSNESS/CRIMINAL HISTORY GRID (7A, 8A-8D, 9, 10, 11) | | | |
|---|---|---|---|---|
| HIGH | 0-5 UNITS | 0-25 UNITS | 0-90 UNITS | 0-90 UNITS |
| MEDIUM | 0-2 UNITS | 0-20 UNITS | 0-30 UNITS | 0-90 UNITS |
| LOW | 0-2 UNITS | 0-15 UNITS | 0-25 UNITS | 0-90 UNITS |

| Supervision Level | SECTION 2 CRIME SERIOUSNESS/CRIMINAL HISTORY GRID (4A-4B, 5A-5F, 6, 7B-7I, 8E-8I) | | | |
|---|---|---|---|---|
| HIGH | 0-5 UNITS | 0-20 UNITS | 0-25 UNITS | 0-90 UNITS |
| MEDIUM | 0-2 UNITS | 0-15 UNITS | 0-20 UNITS | 0-90 UNITS |
| LOW | 0-2 UNITS | 0-10 UNITS | 0-15 UNITS | 0-30 UNITS |

| Supervision Level | SECTION 3 CRIME SERIOUSNESS/CRIMINAL HISTORY GRID (1, 2, 3, 4C-4I, 5G-5I) | | | |
|---|---|---|---|---|
| HIGH | 0-5 UNITS | 0-15 UNITS | 0-20 UNITS | 0-90 UNITS |
| MEDIUM | 0-2 UNITS | 0-10 UNITS | 0-15 UNITS | 0-30 UNITS |
| LOW | 0-2 UNITS | 0-5 UNITS | 0-10 UNITS | 0-25 UNITS |

*An offender can be required to complete the balance of a previously imposed sanction that was not complied with, in addition to receiving a new sanction for failing to comply with imposed sanction.

**Abscond: Changed residence, do not know whereabouts; supervising officer has exhausted all reasonable means to locate and has requested a warrant.

☞ The sanctioning units are caps only. The sanctioning authority may impose sanctions below the cap.
**Version date:** April 15, 2008

(1)

**291-058-0046    Imposition    of    Administrative    Sanctions/Interventions    on Transitional Leave Inmates**

(1) The process to impose administrative **sanctions** or interventions on inmates on short-term transitional leave shall be the same as for offenders on probation, parole, post-prison supervision, and compact cases with the restrictions listed in subsections (2) through (9) below.

(2) Only violations in the "System Response"; "Behavior Level 1"; and "Behavior Level 2" columns on the Administrative **Sanctions Sanctioning** Grid (Attachment A) shall be addressed with an administrative **sanction** or intervention response.

(3) Violations found to be in the "Behavior Level 3" of Attachment A shall be addressed in accordance with the Department's rule on Short—Term Transitional Leaves, Emergency Leaves and Supervised Trips, specifically OAR 291-063-0036(2) and (3).

(4) If the indicated level of **sanction** response is considered to be insufficient to address the seriousness of the violation behavior, a higher level of **sanction,** up to and including returning the inmate to a Department of Corrections facility, may be imposed only after consultation and agreement of the unit supervisor.

(a) For revocation recommendations under this section, an inmate may be returned to the releasing institution only after consultation with the unit supervisor and the agreement of the institution functional unit manager or designee.

(b) For revocations, supervising officers shall use the process outlined in subsection (3) above.

(5) Section 3 Crime Seriousness/Criminal History Grid (1, 2, 3, 4C-4I, 5G-5I) on Attachment A shall be used for all inmates on short-term transitional leave regardless of where they would be placed on the Sentencing Guidelines Grid.

(6) The maximum number of units available for short-term transitional leave violations shall be determined by the process outlined in 291-058-0045 with the above listed limitations in subsections (2) and (3) above.

(7) Use of jail **sanctions** for inmates on 90-day transitional leave from an Alternative Incarceration Program (AIP) must be agreed upon by both Department of Corrections and the local county. A jail **sanction** cannot exceed three days. Credit for **sanction** units for work crew, community service, restitution or work release centers, and house arrest shall be distributed according to Attachment B.

oradmn                                          1

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.





(8) **Sanction** reports shall be forwarded to the releasing institution. The institution functional unit manager or designee shall have the override authority of other releasing authorities. The **sanction** report shall be submitted via FAX transmittal or electronically the same day the **sanction** is imposed. The institution functional unit manager or designee may override the given **sanction** at any time without time limitations.

*WAS NEVER*
*GIVEN THIS*
*FORM WHICH*
*ALLOWS ME TO*
*ACCEPT A JAIL*
*SANCTION EVEN*
*IF I HAD*
*BEEN IN VIOLATION*
*IN THE FIRST PLACE.*

(9) The Notice of Rights form (CD 1497) developed specifically for violations of short-term transitional leave shall be utilized when serving the Notice of Rights to the inmate.

ED. NOTE: Tables referenced are not included in rule text.

**AUTHORITY**

Statutory Authority:ORS 137.592, 137.593, 137.595, 144.104, 144.106, 144.108, 144.600, 144.615, 179.040, 423.020, 423.030 & 423.075

Statutes Implemented: ORS 137.592, 137.593, 137.595, 144.104, 144.106, 144.108, 144.600, 144.615, 179.040, 423.020, 423.030 & 423.075

**HISTORY**

History: DOC 8-2009, f. & cert. ef. 5-29-09; DOC 16-2009(Temp), f. & cert. ef. 10-1-09 thru 3-30-10

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



(3)

# Transitional Leave
## Notice of Rights/Decision About Rights

| Offender Name: | SID: |
|---|---|
| | |

## Right to Violation Hearing

You have been provided with a violation report describing alleged violation behavior. You are entitled to a hearing on the alleged violation(s) if you so request. The purpose of the hearing is to determine if there is probable cause to believe you have violated one or more conditions listed on the Violation Report. The hearing will be conducted by an impartial institution hearings officer who will make findings, conclusions, and recommendations to the superintendent of the institution. **You will be returned to a Department of Corrections Facility for the disciplinary hearing to be conducted.**

## Structured Sanctioning Process

Instead of a violation hearing before an institution hearings officer, you may choose to participate in the structured sanctioning process where your supervising officer will continue your transitional leave and impose a structured sanction(s) based upon your violation behavior, your criminal history, and your level of supervision. Structured sanctions may include one or more of the following: community service; work crew; house arrest; or confinement in a work release/restitution center. If you choose to participate in the structured sanctioning process your supervising officer may not terminate your transitional leave for this violation and may not impose a sanction in the local jail. The superintendent may override whatever sanction is imposed by the supervising officer and impose whatever sanction deemed appropriate, up to and including termination of your transitional leave and your return to Department of Corrections custody.

## Waiver of Violation Hearing

You have the right to waive your violation hearing by checking the appropriate box and signing this form. If you waive your right to a violation hearing you admit violating the conditions of supervision as alleged and accept the sanction offered by your supervising officer.

---

### Sanction(s)/Intervention(s) to be imposed:

I understand the rights contained in this notice and I:

☐ _____ **do** want a hearing. I understand I will be returned to the Department of Corrections and the hearing will be conducted while in the custody of the Department of Corrections.

☐ _____ **do not** want a hearing.

    ☐ _____ I admit, or do not contest, the violations as alleged by my supervising officer.

    ☐ _____ I accept the structured sanction offered by my supervising officer.

    ☐ _____ Having waived my right to a hearing, I consent to the modification of conditions and/or the structured sanction(s) to be imposed as listed above. I understand that my Department of Corrections' Counselor will receive a copy of this violation and the Department of Corrections may take actions separate of sanctions imposed at this time up to, and including ordering my return to a Department of Corrections Facility.

*Indicate your choice above by checking the appropriate box(s) and writing your initials on the line.*

---

I have read, or had read to me, and fully understand and acknowledge this Notice of Rights and my decisions about those rights.

CD1497 5/2009

NEVER (4) RECEIVED THIS from ADAM JOHNSON PER 291-058-0040 (9)

Pg. 5 of 23

# Alternative Incarceration
## Findings and Recommendation

**Inmate Name:** WILSON, CHET **EXHIBIT #2**

**Inmate SID:** 15009704

**Community (for SUMMIT only):**

> **ISSUE:** Inmate Wilson has violated his conditions of transitional leave. Wilson has frequented taverns, he has failed to report to his PO and he has changed residences without the permission of the PO.

### RECOMMENDATION   ALL DISMISSED IN RECORD

☐ AIP Program Failure – Institution Phase (ineligible for Program Earned Time Credits for this review)

X AIP Program Failure – Transitional Leave Phase (ineligible for Program and Conduct Earned Time Credits for the TL period)

☐ Administrative Removal (eligible for Program Earned Time Credits for this review)

☐ Recycle (SUMMIT Only)

☐ Return to AIP Program

☐ Other _____

### REASON FOR RECOMMENDATION:


Action taken by Superintendent or Superintendent's designee:


Approved <u>XXX</u>    Denied    _____


Comments _____
_____
_____

_____    ( __05.27.2010__ )    - BEFORE
Superintendent's/Designee's Signature    Date    HEARING
                                                  ON INVESTIG

**Must fax to OISC if findings result in a removal from the program or a change to the inmate's transitional leave begin date and/or transitional leave end date. Fax: 503.570.6904**

If the transitional leave begin date and/or end date will change then an amended "Preliminary Transitional Leave Notification" form must also be emailed to OISC. Email: di OISC PTACU

(5)

Modified 7/8/09
CD1428

*Larry R. Roloff*
*Attorney at Law*
*132 East Broadway, Suite 233*
*Eugene, Oregon 97401*
*Telephone (541) 686-8695*
*Fax (541) 686-8751*

Pg. 6 of 22

# EXHIBIT #3

June 14, 2010

Ginger Martin
2575 Center Street, North East
Salem, Oregon 97301

RE:    Chet Michael Wilson, SID No. 15009704
       Termination of Transitional Leave

Dear Ms. Martin:

This office represents the interests of Chet Michael Wilson.  It is my understanding that his transitional leave has been terminated.  I do not have the specific allegations for termination nor have I seen a report in reference to the concerns of his probation officer.  However, my client has indicated that in conversations with him certain allegations were made which he has addressed in letters and other documents which I am submitting with this letter.

I have advised Mr. Wilson to formally request a hearing and appeal in reference to this termination.  That letter should be forthcoming.  The documents we are submitting should be considered part of that appeal.

If anything further is required or an additional information is requested that will assist you in your review of this matter, please contact this office and we will make every effort to provide you with anything you may require.  Thank you for your attention to this matter.

Sincerely yours,

Larry R. Roloff

LRR/br/wilson(gingermartin)

enclosures

NONE OF THE DOCUMENTS MY ATTY, SUBMITTED WERE INCLUDED AS ASKED IN THIS LETTER FROM MY ATTY. TO MS, GINGER MARTIN. AS SHOWS IN HER DENIAL LE & OBSTRUCTION OF DUE PROCESS ON THE NEXT PAGE

(6)

COPY
COPY



# Oregon
Theodore R. Kulongoski, Governor

**Department of Corrections**
Transitional Services Division
2575 Center Street NE
Salem, OR 97301-4667
Phone: 503-945-9055
FAX: 503-373-1173

July 13, 2010



Chet Michael Wilson
15009704
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, Oregon 97741

Dear Mr. Wilson:

This letter is in response to your request for an administrative review of your transitional leave violation. I have corresponded with staff and reviewed documents pertaining to your request.

Your request for review indicates that you disagree with the allegations made by the parole officer in his violation report. According to that report, you entered into an establishment where alcohol was the primary source of revenue and failed to remain at an approved residence. My office contacted the Florence Police Department and was informed that you were positively identified by Reserve Officer Huff of the Florence Police Department as being in the Travelers Cove bar in the late evening. In addition, your father indicated in a letter sent to this office that you were not staying at his residence as was approved by your parole officer. In speaking with your parole officer he noted that you were "...behaving marginally" on transitional leave.

NOT A BAR

As the information received by this office corroborates all of the allegations made in the parole officer's report, your request for return to transitional leave is denied.

Sincerely,

Ginger Martin
Assistant Director

cc:    M. Evans
        file

(7)



EXHIBIT #4

## OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

Pg. 8 of 22

CASE # ____

Name: Wilson    Chet    15009704    Housing: Leave    Assignment: Trans Leave

    Last        First    MI    SID

ODOC Facility: PRCF    Location of Violation: Lane County    Date: 5/27/2010    Time: 3:00pm

Charge (s) WRITE IN THE APPROPRIATE RULE (S)

| 4.02 | Disobedience of an Order II | Major | | | |
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |

Description of violation:

Inmate Wilson violated Transitional Leave conditions . See PO report dated 6/23/10 for details.

General Condition #7: " Change neither employment nor residence without the prior permission from the department of corrections or a county community corrections agency." PO Johnson reports that Wilson had permission to stay with his father four nights a week and his girlfriend three nights a week. PO Johnson received information that Wilson had been staying at residences other than his father's and girlfriend's house. Wilson was not approved to reside anywhere other than his father's and girlfriend's home.

Special Condition #2: " Abstain from the use of alcohol and other intoxicating substances. Do not enter a business or establishment where the primary purpose is the sale of alcoholic beverages or gambling." On 5/24/10 Wilson admitted to PO Johnson that he had been in a bar and out past his curfew.

Disposition of Physical Evidence: Transitional Leave Conditions. PO report dated 06.23.2010.

Staff Witnesses: PO Adam Johnson    DISMISSED 8/5/10

Immediate Action Taken: O was detained

| Submitted by: | Ryan Marvin Printed Name | Signature | Counselor Title | 1645 Time | 06.23.2010 Date |
| Reviewing Supervisor: | Ron Miles Printed Name | Signature | TSM Title | AM/PM Time | Date |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*PLACED IN HOLDING STATUS\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As Officer-in-Charge, I have reviewed the foregoing Misconduct Report and find that the rule violation (s) is/are of such a serious nature that good order and security of the facility require immediate removal of the inmate and placement in segregation status because: ____

Placed in Segregation by: ____

| | Printed Name | Signature | Title | AM/PM Time | Date |

Pre-Hearing Segregation Approved ☐ Denied ☐ Release Ordered ☐

| Inmate Copy Delivered by: | Printed Name | Signature | Title | Time/Date Served |

FAX TO - ATTN. LARRY ROLOFF
MY ATTY. : 541-686-8751

(8)

COPY

CD 1432



Oregon Department of Corrections (ODOC)

**Mission:** To promote public safety by holding offenders accountable for their actions and reducing the risk of future criminal behavior

# Disciplinary Hearing

## Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Wilson, Chet Michael | **Case #:** | 1005 PRCF 0027 DRCI 20 |
| **SID:** | 15009704 | **Dates(s) of Hearing:** | 07/02/2010, 08/05/2010 |

**Rules Charged**

   4.02  -  Disobedience of an Order II

**Plea**

Deny

### Procedural Points

Inmate received a copy of the Misconduct Report, Notice of Hearing, Notice of Inmate Rights in a Hearing and Rules of Prohibited Conduct. The inmate acknowledged understanding the Misconduct Report and Inmate Rights in a Hearing.

Hearings Officer postponed the hearing because additional investigation was necessary in this case. The hearing was reconvened and concluded on 08/05/10.

### Finding of Fact

### Ultimate Findings of Fact and Conclusions

Rule 4.02, Disobedience of an Order II, is Dismissed Without Prejudice.

Please Note: Additional investigation is necessary in this case. Per items submitted into evidence, the "bar" I/M Wilson was observed to be present at appears to have been the Traveler's Cove Gourmet Cafe in Florence, Oregon. Per the manager there, food sales represent 80% of total sales, and they have a small bar which makes up for the rest. Thus, the primary purpose of the business/establishment does not appear to be the sale of alcoholic beverages or gambling. In addition, the manager also submitted testimony stating that I/M Wilson never sat at the bar and never consumed alcohol on the day(s) in question.

Additional evidence was submitted that indicated I/M Wilson may have also visited the The Bay Street Grille in Florence, Oregon. Two employees from that restaurant submitted testimony into evidence stating that the establishment is a family restaurant and that at no time did I/M Wilson sit at the bar or consume alcohol.

Also, a copy of a sheet of notebook paper was submitted into evidence, purported by I/M Wilson at his hearing to be written by I/M Wilson and then signed by his P.O., Adam Johnson, that stated I/M Wilson could stay "where he wants...as long as he calls and leave me a message...3 days a week with approval." At his hearing, I/M Wilson stated that he wrote the note, except for the part stating "3 days a week with approval," which he stated PO Johnson wrote in before he signed off on the document.

To the Author: You may submit a new misconduct report and provide the correct charges and/or additional information necessary. Remember, it is your responsibility to include any evidence relevant to the re-submitted case, including any evidence that may have been originally provided with the case Dismissed Without Prejudice, if you wish it to be considered at the hearing.

### Preliminary Order

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

From: Sturdevant Pete
**Sent:** Wednesday, September 01, 2010 10:51 AM
**To:** Hendricks Kimberly L
**Cc:** Nagy Sam M; Fritz Scott A
**Subject:** Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

Kimberly this case probably needs to be looked. I've been asked several times here by DRCI staff and the inmate as well what is going on with this inmate. He returned to CCCF late May on an alleged transitional Leave violation out of PRCF. Sam Nagy postponed the case in June at the Inmate Wilson"s request. Inmate got transferred here to DRCI and I assisted Mr. Nagy by running the phone for him and supervising the inmate. Mr. Nagy dismissed the alleged rule violation (I believe it was a Disobedience of an Order charge) on 8/5/10 without prejudice to the inmate. As far as I know the Lane County Parole/Probation Officer never resubmitted the Transitional Leave violation report and the Counselor Ryan Marvin who submitted the actual DR based on the P.O.'s report hasn't resubmitted a Misconduct report. No violation was found (case was DWOP'd) and the inmate is still living here at DRCI scratching his head along with some command staff around here wondering what went wrong. This probably needs to be looked into. I agree with Mr.Nagy's decision to DWOP the charge as I sat in on the hearing. Inmate had an attorney get the PO to submit a memo which undermined the original Trans. Lve violation report. Inmate tells me he thinks his Trans Lve was revoked despite the charge being dismissed! I would like to know what happened as well as Mr. Nagy and I do most of the Trans. Lve. Violation cases for DOC.





**Steward Heidi R**

P6.11 of 22

Subject: FW: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

**From:** JOHNSON Adam [mailto:Adam.JOHNSON@co.lane.or.us]
**Sent:** Thursday, September 02, 2010 3:16 PM
**To:** Steward Heidi R
**Subject:** RE: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

I remember this. Wilson brought this note to me because he stated his dad was unhappy about his not being at home everyday. It is normal for us to give out three nights pass once the offenders are working. The original note Wilson wrote and brought to me stating that he could stay where he wants. I then added the part about only 3 nights a week and with approval. Wilson only had approval to stay at his girlfriends. He also admitted that he had been at a friends house in Eugene and that had never been approved by me. The purpose of the letter was only to satisfy his father that he did have the chance to be out three nights a week with prior approval from me. Wilson showed me this at our accountability meeting while I was busy with about 30 other people. I should have had him come back to my office so I could have thought it through better.

**From:** Steward Heidi R [mailto:Heidi.R.Steward@doc.state.or.us]
**Sent:** Thursday, September 02, 2010 3:04 PM
**To:** JOHNSON Adam
**Subject:** FW: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

Here is what the "memo" said. Did you write this? If not, we'll need to dig into this a little more.

**From:** Taylor Denise
**Sent:** Thursday, September 02, 2010 2:20 PM
**To:** Steward Heidi R; Booth Cindy D; Fritz Scott A; Hendricks Kimberly L
**Cc:** Sturdevant Pete; Nagy Sam M; Evans Mark K; Hanson Jeff
**Subject:** RE: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

Heidi: I have a copy of a handwritten statement allegedly from Adam Johnson that reads: "I Adam Johnson allow Chet Wilson to stay where he wants with clean and sober people as long as he calls and leaves me a message. 3 days a week with approval." An illegible signature follows on a line marked with and X.

The misconduct report states that the PO gave him permission to stay with his father 4 nights a week and his girlfriend 3 nights a week. "PO Johnson received information that Wilson had been staying at residences other than his father's and girlfriend's house." and "On 5/24/10 Wilson admitted to PO Johnson that he had been in a bar and out past his curfew." FABRICATED

The PO also reported, as quoted in Ginger's denial letter, that the offender had been "behaving marginally" while on TL.

Let me know if you want any of the file scanned and e-mailed to you.

Denise Taylor
503 945-9055

Don't believe everything you think.



WHY WOULD / ADMIT TO BEING IN A BAR WHEN IS NOT A BAR? ALSO / HAVE DOCUMENTATION IN A LETTER AS WELL AS WITNESSES THAT PROVES / WAS NOT DESIGNATED DRIVER AND WAS AT MY GIRLFRIENDS APT. DEFINE CURFEW. My P.O. KNEW THIS AS my DAD TOLD HIM PRIOR TO SUBMITTING ALLEGATIONS, KNOWING ALL THIS TO BE FALSE From THEIR PHONE CONVERSATION ON 5/24/10.

11/1/2010



COPY

Caseload: 01807    MARK EVANS-MOD/HIGH ACRS
Offender: **15009704** Wilson, Chet Michael

**PG. 12 of 22**

5/27/2010      Telephone    Offender      SC

o says he spaced out seeing me today, stayed w/ friend in egn last nite;
advised i'm not in fl anyway, reminded him he needed to see adam tonite

                              MAZIKOWS      5/27/2010

THE PART IN THIS SHOWING SHE WASN'T COMING TO
(FL) FLORENCE; THE PLACE OF REGULAR MEETINGS THURSDAY
MORNINGS ANY WAY WASN'T SUBMITTED. ONLY THE FIRST PART WHICH
IS DEFORMATION OF CHARACTER AND SIMULATION OF EVIDENCE.
THEN, AFTER TALKING TO MS. MAZIKOWSKI WITH PLENTY OF TIME
TO STILL MAKE THE ABOVE MENTIONED MEETING, CALLED ADAM JOHNSON
& ASKED IF HE WANTED ME TO MAKE IT UP WITH HIM. HE SAID NO
HE'D SEE ME AT THE ACCOUNTABILITY MTG, THAT NIGHT WHERE I
WAS ARRESTED. I EXPLAINED THE SITUATION OF HER CANCELLING
HER APTMTS IN FLORENCE THAT DAY — I DID NOT EVER TELL HIM
I MISSED AN APPT. THAT DIDNT EXIST — THATS REDICULOUS AS IS THE
OTHER FABRICATED AND SIMULATED EVIDENCE SUBMITTED AS WELL AS
THAT WHICH WAS KNOWN TO BE FALSE YET STILL SUBMITTED. THIS IS
ALL OBSTRUCTING MY RIGHT TO DUE PROCESS.

I HAVE MANY MORE
DOCUMENTS TO SUBMIT.

(12)

COPY

*Larry R. Roloff*
*Attorney at Law*
*132 East Broadway, Suite 233*
*Eugene, Oregon 97401*
*Telephone (541) 686-8695*
*Fax (541) 686-8751*

PG. 13 of 22

October 12, 2010

Ginger Martin
2575 Center Street, North East
Salem, Oregon 97301

RE:   Chet Michael Wilson, SID No. 15009704
      Termination of Transitional Leave

Dear Ginger:

As you may recall, I spoke with you on the telephone approximately a week or ten days ago regarding follow-up on my concerns about the handling of the termination of Mr. Wilson's transitional leave. You indicated to me I would be receiving a response from Mr. Hansen regarding this matter and that you, in fact, had directed him to contact me some time ago. As of this date, I have had no communication whatsoever or any response regarding my expressed concerns and attempt to rectify which I feel is an inappropriate and mishandled termination of Mr. Wilson's transitional leave.

On June 14, 2010, I provided you with information which clearly refuted the initial allegations that caused Mr. Wilson to be terminated from his transitional leave. As I understood the facts he was alleged to have been in a "bar" and that he was noncompliant with the directions of his probation officer concerning his location and residence. I provided photographic and testimonial evidence from the owner of the establishment clearly showing the premise was a family restaurant, not a bar, with its primary purpose not to serve alcohol. I am enclosing once again the letter from his probation officer which is self-explanatory and clearly indicates the allegations of residence issues were also refuted.

INCLUDED
PG. 15 of
EXHIBIT #5

Finally, I am enclosing a photocopy of an e-mail which I obtained from Mr. Sturdevant which outlines precisely the same concerns that I address initially. I would ask you to review the e-mail which is addressed to Kimberly Hendricks dated September 1, 2010. Not only does there appear to be substantive error in this case, but the procedure followed does not seem to comport with any rules and regulations that would provide due process or following the rules that would be appropriate for transitional leave termination. Mr. Wilson was terminated, his rights to a hearing were neglected, a subsequent hearing basically determined that the allegations were dismissed and this whole affair is quite extraordinary in its deficiencies.



(13)



PG. 14 of 22

Ginger Martin
RE:    Chet Michael Wilson – SID No. 15009704
October 12, 2010
Page Two


Once again, I'm asking you or someone at the Department of Corrections look into this matter and respond to alleviate what I believe is a total miscarriage of justice and the inherent fairness and rights that should be awarded Mr. Wilson.

As you know, I am a strong supporter of the AIP programs and utilize them extensively in settlement negotiations with the State. I am in constant contact with Morgan DeClerkque who is very helpful. It is very discouraging to see this situation develop with Mr. Wilson. In thirty eight years of practicing law, I have never encountered a situation like this.

Finally, a Petition of Habeas Corpus has been prepared and if no appropriate response is heard within ten (10) days of the date of this letter, we will proceed to file the Writ and pursue any other legal avenues available to Mr. Wilson to look into this situation and rectify it to his benefit.

I am hoping to hear from you in the near future and we are able to resolve this matter expeditiously. Thank you for your consideration.

Sincerely yours,


Larry R. Roloff

LRR/br/wilson(gingermartin-10-10)

enclosures

c: Chet Michael Wilson-enclosures
   Bradley S. Wilson-enclosures





# OREGON DEPARTMENT OF CORRECTIONS Pg. 15 of 22
## MISCONDUCT REPORT

CASE # ____

| Name: WILSON | CHET | | 15009704 | Housing: ____ | Assignment: Trans Leave |
|---|---|---|---|---|---|
| Last | First | MI | SID | | |

ODOC Facility: PRCF    Location of Violation: Lane County    Date: 10/25/2010    Time: Unknown

### Charge (s) WRITE IN THE APPROPRIATE RULE (S)

| 4.02 | Disob of Order II | Major | | | |
|---|---|---|---|---|---|
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |

Description of violation (explain how you discovered/learned the facts and who, what, when, where and how. Use continuation sheet if needed): ████████████████████████/ Transitional Leave Conditions:

THIS CASE IS BEING RESUBMITTED: I/M Wilson has failed to successfully complete transitional leave and appears to be in violation of the following rules:

I/M Wilson appears to be in violation of 4.02 (Disobedience of Order II) as demonstrated by the following. I/M Wilson violated transitional leave General Condition #7 (change neither employment or residence without prior permission...); transitional leave Special Condition #3 (Do not enter into establishments were alcohol is primary source of revenue); and transitional leave Special Condition #5 (abide by curfew imposed by PO) and transitional leave General Condition #13 (report as required and abide by the direction of supervising officer). Per PO report dated 06/23/10, Inmate Wilson called PO on 05/27/10 and reported that he missed his appointment with PO as he had stayed with a friend in Eugene. Per PO, Inmate Wilson did not have prior permission to stay anywhere other than his father or girlfriend's residence.

The following is from an E-mail from PO Adam Johnson to Heidi Steward explaining the permission that Wilson had to stay at the residences:

"From: JOHNSON Adam [mailto:Adam.JOHNSON@co.lane.or.us]
Sent: Thursday, September 02, 2010 3:16 PM
To: Steward Heidi R
Subject: RE: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

*I remember this. Wilson brought this note to me because he stated his dad was unhappy about his not being at home everyday. It is normal for us to give out three nights pass once the offenders are working. The original note Wilson wrote and brought to me stating that he could stay where he wants. I then added the part about only 3 nights a week and with approval. Wilson only had approval to stay at his girlfriends. He also admitted that he had been at a friends house in Eugene and that had never been approved by me. The purpose of the letter was only to satisfy his father that he did have the chance to be out three nights a week with prior approval from me. "*

On 05/21/10, Inmate Wilson left PO a message asking permission to be out past curfew and to be a designated driver. Inmate Wilson was not given permission to go to a bar, stay out past curfew or be a designated driver. On 5/24/10, PO received a message from PO Mazlkowski that Inmate Wilson had been seen at a bar over the weekend. Per chrono dated 05/24/10, Inmate Wilson was seen at Rhoddy Days, a bar at Traveler's cove over the weekend by Reserve Officer Huff (see attached chrono). When Inmate Wilson was questioned by PO, he admitted he had been at a bar and was out past his curfew as he was the designated driver. PO reports that approximately two weeks prior to this incident, Inmate Wilson was reminded that he could not enter a bar while on transitional leave.

Disposition of Physical Evidence: None ←
Staff Witnesses: ████████████
Immediate Action Taken: Suspend and Detain Order Submitted/ Transitional Leave Revoked

| Submitted by: | R. Marvin | | Counselor | 14:28. | 10/27/2010 |
|---|---|---|---|---|---|
| | Printed Name | Signature | Title | Time | Date |



## OREGON DEPARTMENT OF CORRECTIONS

### INMATE COMMUNICATION FORM

Pg. 16 of 22

TO: GINGER MARTIN                     Date: 7/14/10

State your issue in detail: I HAVE BEEN TRANSFERRED TO DRCI IN MADRAS IN CASE YOU HAD ANY CORRESPONDENCE TO SEND ME. I BRIEFLY SPOKE WITH MR. STURDEVANT HERE AND HE STATED HE WOULD LOOK INTO TAKING OVER MY HEARING IN ORDER FOR IT TO BE IN PERSON. IF THERE IS ANY WAY YOU COULD HELP ARRANGE THIS IT WOULD BE GREATLY APPRECIATED. ONCE AGAIN, I THANK YOU FOR YOUR TIME AND INSIGHT.

PS. I ALSO HAVE A SIGNED DOCUMENT   — SINCERELY,
BY P.O. JOHNSON ALLOWING ME TO STAY AT
OTHER RESIDENCES OTHER THAN MY FATHERS
AND MY GIRLFRIENDS IF FOR PRODUCTIVE REASONS.
ALSO HE TOLD ME "IF I HAD SOMETHING PRODUCTIVE        CHET WILSON
TO DO, TO CALL HIM AND LEAVE HIM A MESSAGE BUT
CANT EXPECT HIM TO CALL ME BACK" HE TOLD ME THIS
BECAUSE I TOLD HIM I WAS CONCERNED I WAS BOTHERING
HIM BY CALLING TO MUCH. I DID THIS SEVERAL TIMES AND WASNT AN ISSUE UNTIL NOW.

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| CHET MICHAEL WILSON | 15009764 | F 2SS A |

Response/Action Taken: Mrs Martin does not have the authority to schedule hearings or order hearings officers to do hearings. We all use the same computer system to locate inmates and you should have received Mrs. Martin's response to your request for administrative review as it was addressed to you at DRCI

Date Received: 7-21-10      Referred To*: _____

Date Answered: 7-21-10      Signature of Staff Member: Denise Taylor

*If forwarded, please notify the inmate

(16)

CD 214 (12/04)

# OREGON DEPARTMENT OF CORRECTIONS

PG. 17 of 22

## INMATE COMMUNICATION FORM

TO: GINGER MARTIN                          Date: 8/6/10

State your issue in detail: MY ALLEGATIONS CHARGING ME WITH VIOLATION OF
MY TRANS-LEAVE WERE DISMISSED BY HEARINGS OFFICER
MR. NAGY ON 8/5/10. IN THE LETTER RECIEVED BY YOU DATED
7/13/10 AND BASED ON OLD INFORMATION STATED MY REQUEST
FOR RETURN TO T.LEAVE WAS DENIED. WITH THE NEW FACTUAL
INFORMATION WHICH LED TO THE DISMISSAL OF MY CHARGES
IM SURE YOUR DECISION WILL CORROBORATE WITH THE FINDING
OF FACT AND BASED ON THE PREPONDERANCE OF EVIDENCE, AGREE
WITH THE HEARINGS OFFICERS CONCLUSION OF THIS MATTER.
WITH THIS INFORMATION I ASK THAT I BE RETURNED TO THE
SAME STATUS AS BEFORE I WAS CHARGED AND BE RELEASED
FROM ODC CUSTODY. I THANK YOU FOR YOUR TIME AND
LOOK FORWARD TO YOUR RESPONSE. ALSO MY DOCUMENTS SHOW
I AM BEING DETAINED & TRANS-LEAVE WASNT REVOKED.

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| CHET MICHAEL WILSON | 15009764 | F 255A |

Response/Action Taken: As your Counselor and the Transitional
Services Manager at DRCI have explained to you,
the Misconduct Report is a separate issue and
process from the Alternative Incarceration Program's
Transitional Leave. You have received the final
word from Ginger Martin. This matter is
now closed.

COPY

Date Received: 8-16-10            Referred To*: _____

Date Answered: 8-18-10            Signature of Staff Member: Denise Taylor

*If forwarded, please notify the inmate

(17)

CD 214 (12/04)

⇒ SEE AIR SANCTIONS (91I-030-0070 (1-7) & MICH. R's ⑤
Also NEVER RECIEVED NOTICE (F ALHTA Form (00 1447) AS IF 291-058-0040 -(9)

## OREGON DEPARTMENT OF CORRECTIONS Pg. 18 of 22
### INMATE COMMUNICATION FORM

TO: _Mr. Fritz_ Date: _8/5/10_

State your issue in detail: _I TALKED TO CAPTAIN MANU TONIGHT AFTER THE RESOLUTION OF MY HEARING AND HE SAID HE WAS GOING TO SEND YOU AN EMAIL TO GET THE BALL ROLLING ON MY RELEASE AS MY M.R. WAS FROM MY 90 DAY TRANS LEAVE PERIOD AFTER MY RELEASE FROM PRCF ON 3/29/10. MY SONS 4TH BIRTHDAY IS THE 29TH OF THIS MONTH AND IM WORRIED IF I DONT GET ON THIS I MAY MISS THE THIRD OF HIS B-DAYS IN A ROW. I HAVE A HUGE SUPPORT GROUP AND FAMILY, NUMEROUS TODS AND MANY RESPONSIBILITIES. DO YOU HAVE TIME TO MEET WITH ME AND ANSWER A FEW Q's. IS THERE ANYONE ELSE I COULD CONTACT TO SPEED THIS RELEASE PROCESS UP? IF YOU CAN HELP ME IN ANY WAY IT WOULD BE GREATLY APPRECIATED. THANK YOU SO MUCH FOR YOUR TIME._

SINCERELY, CHET WILSON

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| CHET MICHAEL WILSON | 15009704 | F-255A |

Response/Action Taken: _The misconduct dismissal has no bearing on your revocation. Your Projected Release date of 12/5/11 is still valid. You can appeal your revocation by writing Jeff Hanson at the DOME Building in Salem._

COPY

Date Received: _8/6/10_    Referred To*: _____

Date Answered: _8/6/10_    Signature of Staff Member: _____
*If forwarded, please notify the inmate

(18)

CD 214 (12/04)

# OREGON DEPARTMENT OF CORRECTIONS
## INMATE COMMUNICATION FORM

Ph.19 of 22

TO: _Mr. DeCamp / Functional Unit Manager_     Date: _8/5/10_

State your issue in detail: _I EXPECT THAT YOU SHALL RECIEVE THE PRELIMINARY ORDER SHORTLY CONTAINING THE HEARINGS OFFICER'S FINDINGS OF DISMISSAL ON THE ALLEGATIONS SUPPORTING MY CURRENT DETAINMENT. I AM REQUESTING THAT I BE RELEASED AS I HAVE BEEN IN CUSTODY FOR NEARLY 2½ MONTHS ON THE ALLEGATIONS WHICH ARE NOW DISMISSED. IT WAS FOUND THAT BY PRAEPONDERANCE OF EVIDENCE SHOWS I DID NOT COMMIT THE VIOLATION AND NOW WISH TO BE RESTORED TO THE STATUS AND PRIVELEGES AS BEFORE THE CHARGES AND BE CONTINUED ON MY TRANS-LEAVE PERIOD OR RELEASED ON PPS TO LANE COUNTY. I HAVE A HUGE SUPPORT GROUP IN MY COMMUNITY AND MY SON'S 4TH BIRTHDAY IS ON THE 29TH. I HAD SPENT 2 YRS INCARCERATED IN DOC CUSTODY PRIOR TO MY RELEASE ON TRANS-LEAVE FROM PRCF ON 3/29/10. THIS WILL BE THE THIRD OF MY SON'S B-DAYS I HAVE MISSED IN A ROW IF I AM NOT RELEASED. I AM A CONTRIBUTING MEMBER OF MY COMMUNITY AND HAVE MANY RESPONSIBILITIES TO MAINTAIN. THANK YOU SINCERELY FOR YOUR TIME AND INSIGHT._

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| _Chet Michael Wilson_ | _15009704_ | _F-255A_ |

Response/Action Taken: _As I have stated in my previous hyto. I contacted PRCF when your misconduct was dismissed. They stated that the misconduct is separate from the revocation, which is at the superintendents discretion. I also informed you that there is an appeal process by hyting Jeff Hansen at the Bone Building. PRCF deals with transition leaves on a daily basis and know the process for revocation._

COPY

Date Received: _8/9/10_     Referred To*: _FRITZ_

RECEIVED
AUG 0 6 2010

Date Answered: _8/9/10_     Signature of Staff Member: _____

*If forwarded, please notify the inmate

(19)

DRCI Superintendent's Office

CD 214 (12/04)

## OREGON DEPARTMENT OF CORRECTIONS
### INMATE COMMUNICATION FORM

Pg. 20 of 22

TO: _Mr. Fritz_                              Date: _8/7/10_

State your issue in detail: _I MET WITH MR. LORANCE YESTERDAY AND HE TOLD ME THAT_
_HE RECIEVED A MEMO FROM HIS SUPERVISOR STATING THAT EVEN THOUGH I HAD_
_ALL MY CHARGES DISMISSED, THAT IN ESSENCE THAT DOESNT SUBJECT ME TO_
_BEING REINSTATED ON TRANS-LEAVE. WHAT I GOT OUT OF THAT IS I AM BEING_
_PUNISHED FOR ALLEGATIONS THAT WERE PROVEN BY PREPONDERANCE OF EVIDENCE_
_THAT THE INFORMATION WAS FALSE WHICH CAUSED MY DETAINMENT, NOT REVO-_
_CATION. I HAVE READ ALL THE OARS AND ALL THAT I HAVE FOUND IS THAT_
_THUS FAR MY RIGHTS HAVE BEEN VIOLATED BY MY P.O. AND HARDLY ANY OF_
_THE OARS HAVE BEEN FOLLOWED. I WANT A COPY OF THE OAR ALLOWING_
_ME TO BE HELD AND PUNISHED FOR AN ALLEGED VIOLATION FOUND TO BE_
_NOT COMMITTED. ALL I HAVE FOUND IS I AM SUPPOSED TO BE RESTORED TO_
_THE SAME STATUS AND PRIVILEGES AS BEFORE I WAS CHARGED. I WANT TO_
_KNOW WHERE THE INFORMATION STATES DIFFERENTLY. IS THERE SOME HIDDEN_
_POLICY I AM NOT AWARE OF? IF SO, I AM ~~simply~~ ASKING FOR DOCUMENTATION_

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| _CHET MICHAEL WILSON_ | _15009704_ | _F-255A_ |

Response/Action Taken: _____

_You have access to the law library and OAR's. I_
_sent your to Kyte back advising you could appeal_
_your revocation to Jeff Hanson at the DOMB_
_Building. As we do not do transitional leaves_
_I spoke to PRCF to ensure what the process_
_was once your misconduct was dismissed._
_They stated your revocation and misconduct are separate_
_and gave me the appeal process I have described to you_

Date Received: _8/9/10_          Referred To*: _____

Date Answered: _8/9/10_          Signature of Staff Member: _____
*If forwarded, please notify the inmate

(20)

CD 214 (12/04)

# Oregon
John A. Kitzhaber, M.D., Governor

Department of Corrections
Deer Ridge Correctional Institution
3920 E Ashwood Road
Madras, OR 97741
(541) 325-5999
FAX: (541) 3250-5933
www.doc.state.or.us

8/16/2010

Chet Wilson #15009704    *FF2SSA*
Deer Ridge Correctional Institution
3920 E Ashwood Rd
Madras, OR 97741

RE: Hotline complaint dated 8/6/2010

This letter is in response to your hotline complaint dated 8/6/2010 in which you state that your transitional leave was revoked, but that since your misconduct was dismissed without prejudice you feel you should be released.

As I have stated in two previous responses regarding this issue, I contacted PRCF to inquire about the process in this case. PRCF advised me that a transitional leave revocation and the misconduct are separate. Your revocation is at the discretion of the PRCF Functional Unit Manager. The fact that your misconduct was dismissed has no bearing on your revocation. I also informed you that an appeal process exists and that you needed to kyte Mr. Jeff Hanson at the Dome Building. It appears from the hotline complaint that you have not done this yet.

You also request in your hotline complaint that we contact your attorney. We will not be contacting your attorney regarding this or any other issue. It is your responsibility to work with your attorney and/or the court system regarding your legal matters. As mentioned above, an appeal process is in place for issues of this nature and it is your responsibility to follow the proper process.

Sincerely,

Scott Fritz, Transition Service Manager

ONLY CALL ANSWERED TO INSPEGTER GEN. - 3 more CALLS WERE MADE STATING SPECIFIC LAWS WHICH WERE VIOLATED AND PEOPLE INVOLVE IN THE MONTH of NOV. 2010 WITH NO RESPONSE. I ASKED ALSO for AN INTERVIEW TO SUPPORT my ALLEGATIONS w/ no RESPONSE.

Cc:    John Yeakey

(21)



# Oregon

Theodore R. Kulongoski, Governor

**Department of Corrections**
Transitional Services Division
2575 Center Street NE
Salem, OR 97301-4667
Phone: 503-945-9055
FAX: 503-373-1173

August 24, 2010



Chet Michael Wilson
15009704
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, Oregon 97741

Dear Mr. Wilson:

This letter is in response to your letter to Jeff Hanson requesting that you be released
and that your transitional leave be reinstated.

You have exhausted all of your possible remedies with the department on this matter.
Ms. Martin has the final word on Alternative Incarceration Program administrative
reviews. You seem not to understand that the answer has been provided to you and
explained to you by a number of different people and that not accepting that will not
change answer.

Anyone in the department to whom you write about this matter will forward your inquiry
to Ms. Martin's office because she has the authority and responsibility for these
decisions. As I stated in my last correspondence, this matter is closed. Any further
communications with the department about your instatement to or failure from
transitional leave will receive no response.

Sincerely,

*Denise Taylor* — HAS INTERCEPTED ALL MY
CORRESPONDENCE WITH GINGER MARTIN
Denise Taylor                AND JEFF HANSON CONSPIRING TOGETHER WITH
Management Assistant    THEM TO OBSTRUCT DUE PROCESS AND MY RIGHTS.
                                      (KITES AS WELL AS LETTERS MARKED LEGAL MAIL)
cc:    file



COPY

(22)